**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN SPINRAD, | : | Civil Action |
| | : | No. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| POSTPROCESS | : | |
| TECHNOLOGIES, | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant | : | |

**CIVIL ACTION COMPLAINT**

**I.    PRELIMINARY STATEMENT**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, BRIAN SPINRAD. Plaintiff was an employee of Defendant, POSTPROCESS TECHNOLOGIES, ("Post Process"), who has been harmed by Defendant's discriminatory employment practices.

2.    This action arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq., and Pennsylvania common law.

**II.    JURISDICTION AND VENUE**

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq.

4.    Supplemental jurisdiction over Plaintiff's Pennsylvania common law claim for wrongful discharge is invoked pursuant to 28 U.S.C. § 1367, as the events giving rise to both claims are so related that they form part of the same case or controversy.

1

5.     The Eastern District of Pennsylvania has general jurisdiction over the Defendants, and specific jurisdiction over this matter as the events giving rise to Plaintiff's claims occurred in the Eastern District.

### III.   **PARTIES**

6.     The Plaintiff herein is Brian Spinrad, a former employee of Defendant.

7.     The Defendant herein is PostProcess Technologies ("Post Process"), the former employer of Plaintiff. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all material times herein, Defendant was and is a "person" and "employer" as defined under Title VII and as defined under the Family Medical Leave Act.

### IV.   **UNDERLYING FACTS**

8.     Defendant, upon information and belief, employed more than 50 persons when the unlawful conduct alleged in this Complaint occurred.

9.     Defendant employed Plaintiff starting on or about October 11, 2021.

10.    Plaintiff was hired as a Field Service Engineer and worked out of his home, located at 78 Valley Drive, Churchville, PA 18966, in addition to travelling to service locations throughout the United States and Canada.

11.    In or around April of 2023, Plaintiff suffered a significant back injury on the job.

12.    Plaintiff managed to work through the pain for a number of months with over-the-counter pain relievers and taking an occasional sick day to manage the pain, but the injury and subsequent pain got worse over time.

13. On or about December 18, 2023, Plaintiff contacted Defendant's Human Resources department to inform them of the upcoming birth of his daughter and to request paternity leave for when the birth occurred.

14. Defendant informed Plaintiff that because he worked remotely in Pennsylvania, he was not eligible for Defendant's paid paternity leave program, which was only available in New York, where paid family leave is required by state law.

15. At no point during this exchange or at any time before the birth of Plaintiff's daughter did Defendant offer or even raise the possibility of Plaintiff making use of his rights under the Family and Medical Leave Act to take unpaid leave after the birth of his daughter.

16. Instead, Defendant informed Plaintiff that he could use his vacation time if he wanted to have any time off after the birth of his daughter.

17. On January 19, 2024, just over one month after inquiring about paternity leave, and while he was still suffering ongoing consequences from his workplace injury, Plaintiff was informed that his current position with Defendant was being eliminated and that his duties would be reassigned.

18. Plaintiff was asked by Defendant to remain in his role for a transitional period, which Defendant proceeded to lengthen with a series of two-week extensions.

19. Defendant was also aware that Plaintiff's injury had been sustained in the course of his employment with Defendant, and that Plaintiff was considering pursuing his rights under the Pennsylvania Workers' Compensation Act.

20. Plaintiff's injury continued to worsen, and in his final assignment before being terminated, Plaintiff's injury was severely aggravated while on the job, ultimately leading Plaintiff to require multiple hospitalizations and a surgery to fix.

3

21. Without being offered the leave he was entitled to under the Family and Medical Leave Act, and shortly after he suffered a significant aggravation of his work-related injury on the job, Plaintiff was terminated by Defendant on April 12, 2024.

22. Through its actions, Defendant contravened Plaintiff's rights under the Family and Medical Leave Act and wrongfully terminated him in retaliation for exercising his rights under the Pennsylvania Workers' Compensation Act.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**</u>

23. Paragraphs 1-19 are incorporated herein as if set forth at length.

24. Plaintiff engaged in a protected activity when he inquired about parental leave for the upcoming birth of his daughter.

25. While Plaintiff did not formally request leave under the Family and Medical Leave Act, he did provide information sufficient for Defendant to know that the event Plaintiff was requesting leave for was covered by the FMLA and that Plaintiff was indeed eligible to take FMLA.

26. At no point during its initial conversation with Plaintiff regarding potential paid parental leave did Defendant mention that Plaintiff was eligible for unpaid FMLA leave.

27. Nor did Defendant offer or mention the possibility of FMLA leave at any point between its first conversation with Plaintiff and Plaintiff's termination by Defendant.

28. Defendant informed Plaintiff of its intention to terminate him shortly after his initial inquiry about his upcoming need for parental leave and ultimately terminated him right around the time when Plaintiff had informed them such leave would be necessary.

29. Defendant, through its managers and agents, violated the Family and Medical Leave Act when it failed to provide Plaintiff with the option to take FMLA leave for the birth of his daughter and when it terminated him in retaliation for inquiring about such leave.

4

30.    As a direct result of the actions and/or conduct of Defendant, Plaintiff suffered serious and continuing damages and injuries, including, but not limited to, loss of income, benefits, damage to his reputation, and emotional pain and suffering.

**COUNT II**
**WRONGFUL TERMINATION/WRONGFUL DISCHARGE**

31.    Paragraphs 1-19 are incorporated herein as if set forth at length.

32.    In or about April of 2023, Plaintiff was injured on the job, ultimately resulting in a slipped disk in his back.

33.    Plaintiff managed his injury for a number of months, but his injury was becoming progressively worse over time, ultimately leading Plaintiff to consider pursuing his rights under the Pennsylvania Workers' Compensation Act.

34.    Around the time that Plaintiff's pain was increasing, Defendant was aware of the nature and origin of Plaintiff's injury and was therefore aware that Plaintiff was able to pursue his rights under the Pennsylvania Workers' Compensation Act.

35.    Defendant's decision to eliminate Plaintiff's position was therefore at least partially in retaliation for Plaintiff's protected action, namely the pursuit of his rights under the Pennsylvania Workers' Compensation Act.

36.    The actions and/or conduct in terminating Plaintiff for his injuries sustained at work and within the coverage of the Workers' Compensation Act, and/or for asserting his rights under the Act abridges a significant and recognized public policy under Pennsylvania law, as articulated in *Shick v. Shirey*, 552 Pa. 590 (Pa. 1998).

37.    As a direct result of the actions and/or conduct of defendant, plaintiff suffered serious and continuing damages and injuries, including, but not limited to, loss of income, benefits, damage to her reputation, and emotional pain and suffering.

5

38.    The actions and conduct of Defendant were willful and malicious and were undertaken for the purpose of depriving Plaintiff of his legally protected rights.

**WHEREFORE**, Plaintiff respectfully requests back pay, front pay, emotional distress damages, compensatory damages, and punitive damages against Defendant, in excess of $75,000, together with costs, interest, and any other relief that the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

By: /s/ Christian J. Hoban
Christian J. Hoban, Esq. – 331794
Mark R. Natale, Esq. – 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
christian@malamutlaw.com
mnatale@malamutlaw.com
*Attorneys for Plaintiff*

**VERIFICATION**

The facts set forth in the foregoing Civil Action Complaint are true and correct to the best of Plaintiff's knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/s/ Christian J. Hoban
Christian J. Hoban, Esq.

Dated: April 7, 2026

7